UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOSEPH TETAK,**

           **Petitioner,**

    v.

**JAY FORSHEY, Warden, Noble Correctional Institution,**

           **Respondent.**

Case No. 2:21-cv-3903
Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Petitioner Joseph Tetak seeks a writ of habeas corpus under 28 U.S.C. § 2254 (Petition, ECF No. 1.) Petitioner seeks release from confinement imposed as part of the judgment of a state court in a criminal action. The case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus General Order 14-1 regarding assignments and references to Magistrate Judges. The Respondent Warden has filed a Return of Writ (ECF No. 6), and Petitioner has filed a Traverse (ECF No. 9), making the Petition ripe for decision. For the reasons set forth below, it is recommended that the Petition be **DENIED** and this action be **DISMISSED**.

**I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Fifth District Court of Appeals provided the following facts and procedural history:

{¶2} Between the dates of May 27, 2018 and May 30, 2018, A.R. was held captive, against her will by Tetak. During this time, Tetak assaulted her on several occasions. He physically caused bruising and lacerations to her face, bit her ear, caused bruising to her throat, lips, lacerations to her mouth, injuries to her shoulder, hands, legs, arms, and buttocks. Tetak also sexually assaulted A.R. by forcing vaginal intercourse with her against her will. During these events, Tetak was in possession of a firearm. There were other individuals present who confirmed various parts of A.R.'s story.[1] PT. at 11-12.

{¶3} On June 6, 2018, Tetak was indicted as follows,

Count 1: Assault, a misdemeanor of the first degree, in violation of R.C. 2903.13(A);

Count 2: Felonious Assault, a felony of the second degree, in violation of R[.]C. 2903.11(A)(1);

Count 3: Kidnapping, with a firearm specification, a felony of the first degree, in violation of R.C. 2905.01(A)(3);

Count 4: Felonious Assault, a felony of the second degree, in violation of R.C. 2903.11(A)(1);

Count 5: Rape, a felony of the first degree, with a firearm specification, in violation of R.C. 2905.01(A)(2); and

Count 6: Kidnapping, with a firearm specification, a felony of the first degree, in violation of R.C. 2905.01(A)(2).

{¶4} On August 10, 2018, Tetak entered a negotiated guilty plea as follows,

Count 1: Assault, a misdemeanor of the first degree, in violation of R.C. 2903.13(A);

Count 2: Aggravated Assault, a felony of the fourth degree, in violation of R.C. 2903.12(A)(1);

Count 4: Kidnapping with a firearm specification, a felony of the first degree, in violation of R.C. 2905.01(A)(3); and

Count 5: Sexual Battery, a felony of the third degree, with a firearm specification, in violation of R.C. 2907.03(A)(1).

{¶5} In exchange for the plea, the state dismissed Count 4 and Count 6 of the Indictment. PT. at 9. Further, an amendment was made to the firearm specification to make it a one year firearm specification. ST. at 9.

{¶6} Sentencing was deferred and a pre-sentence investigation report was ordered to be prepared. On October 17, 2018, Tetak was sentenced as follows:

Count 1: 6 months of local incarceration on the misdemeanor Assault;

Count 2: 18 months prison time on the Aggravated Assault;

Count 3: 9 years prison time on the Kidnapping with a mandatory one-year on the firearm specification; and

Count 5: 60 months in prison on the Sexual Battery charge.

{¶7} The court ordered the periods of incarceration for Counts 1 and 2 to be served concurrently with each other and concurrently with all other counts; the periods of incarceration imposed for Counts 3 and 5 were ordered to be served consecutively, with the firearm specification contained in Count 3, by law, being mandatory consecutive, for an aggregate sentence of 15 years in prison, with 1 year mandatory.

*State v. Tetak*, 5th Dist. Muskingum No. CT2019-0052, 2020-Ohio-3263 (Jun. 8, 2020).

Petitioner, represented by counsel, raised two assignments of error on appeal:

{¶9} "I. THE TRIAL COURT UNLAWFULLY ORDERED JOSEPH TETAK TO SERVE CONSECUTIVE SENTENCES, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

{¶10} "II. JOSEPH TETAK RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

*Id*. The appellate court overruled both assignments and affirmed his convictions and sentence. *Id*. at ¶¶ 23, 33-34.

On October 16, 2020, Petitioner, proceeding *pro se*, filed a Motion to Reopen Direct Appeal (State Court Record, ECF No. 5, PageID 105.)  Therein, he argued that counsel was ineffective in failing to include the "dead-bang winning" claim that the trial court erred in sentencing him "for allied offenses of similar import, contrary to Ohio Rev. Code § 2941.25, and the Double Jeopardy Clauses of the United States and Ohio Constitutions." (*Id*. at PageID 107.) The Fifth District rejected this claim, concluding "that the offenses Aggravated Assault, Kidnapping with a firearm specification, Kidnapping with a firearm specification, and Sexual Battery with a firearm specification were committed separately and with separate animus[.]" (*Id*. at PageID 121.) Consequently, the Court found "that the issues raised by Tetak in his motion raise 'no genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal' . . . ." (*Id*. at PageID 122 (brackets in original), quoting *State v. Smith*, 95 Ohio St.3d 127, 2002-

Ohio-1753, at ¶ 9.) Petitioner, again proceeding *pro se*, appealed to the Supreme Court, which declined jurisdiction on May 25, 2021. *State v. Tetak*, No. 2021-0276, 163 Ohio St. 3d 1428, 2021-Ohio-1721. Petitioner filed the instant Petition on June 30, 2021 (ECF No. 1, PageID 6.)

## II. LEGAL STANDARD

As Petitioner is imprisoned based on a state court judgment, he may petition for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition "shall not be granted with respect to any claim" that:

> [W]as adjudicated on the merits in State court proceedings unless the adjudication of the claim—(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented[.]

28 U.S.C. § 2254(d). A habeas corpus petitioner must also satisfy additional procedural requirements, including but not limited to exhaustion of State court judicial remedies. 28 U.S.C. § 2254(b). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, the Court's review of claim adjudicated on its merits in a State court proceeding is sharply circumscribed; "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

A state court may be found to have acted "contrary to" federal law in two ways: (1) if the state court's decision is "substantially different from the relevant precedent" of the U.S. Supreme Court; or (2) if "the state court confronts a set of facts that are materially indistinguishable from a decision of [the U.S. Supreme] Court and nevertheless arrives at a result different from [U.S. Supreme Court] precedent." *Williams (Terry) v. Taylor*, 529 U.S. 362, 405, 406 (2006). A state

court does not act contrary to federal law simply because its application of federal law was incorrect. Rather, the decision must have been "mutually opposed[,]" *id*. at 406, to "clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1), which encompasses only the holdings of Supreme Court decisions, and not their dicta. *Williams (Terry)*, 529 U.S. at 412.

The "unreasonable application" standard is distinct from and more deferential than that of "clear error." "It is not enough that a federal habeas court, in its independent review of the legal question, is left with a firm conviction that the state court decision was erroneous. . . . Rather, that application must be objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75, 76 (2003) (internal quotation marks omitted). "[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). However, this deferential standard applies only when the state court has addressed the merits of a claim raised on appeal; "[w]here a state court has not adjudicated a claim on the merits, the issue is reviewed *de novo* by a federal court on collateral review." *Trimble v. Bobby*, 804 F.3d 767, 777 (6th Cir. 2015).

### III. ANALYSIS

Petitioner raises a single claim on appeal: ineffective assistance of counsel for failing to raise as error the "'dead-bang winning' argument that he was twice punish[ed] for the same offence [*sic*]." (Petition, ECF No. 1, PageID 4.) He claims that "the issue of kidnapping and rape/sexual assault being allied offenses of similar import is well-settled." (Petition, ECF No. 1, PageID 4, citing *State v. Logan*, 60 Ohio St. 2d 126 (1979); *State v. Botta*, 27 Ohio St. 2d 196, 201 (1971).) As failure to raise the issue was plain error, a plea of guilty or a failure to object at sentencing does

not operate as a waiver of the issue.  (*Id*. at PageID 4-5, citing *Johnson v. Zerbst*, 304 U.S. 458, 465 (1938); *State v. Williams*, 134 Ohio St. 3d 482, 2012-Ohio-5699, ¶ 28.)  While the state court adjudicated Petitioner's Double Jeopardy claim, it erred by not using the *Blockburger v. United States* standard; thus, according to Petitioner, *de novo* review is appropriate.  (*Id*. at PageID 5, citing 284 U.S. 299 (1932).)

The Respondent Warden argues that the state court considered and rejected Petitioner's ineffective assistance claim, a decision that it is entitled to deference (Return of Writ, ECF No. 6, PageID 155, citing 28 U.S.C. § 2254(d); *Harrington v. Richter,* 562 U.S. 86, 103 (2011); *Williams (Terry)*, 529 U.S. at 412-13.)  Respondent notes that a petitioner raising ineffective assistance bears a heavy burden:  "Counsel's failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal."  (*Id*. at PageID 156, quoting *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004).)  Such a finding would have been inappropriate here, Respondent claims, because whether kidnapping constitutes an allied offense of similar import is a fact-specific inquiry (*id*. at PageID 157, citing Ohio Rev. Code § 2941.25; *State v. Ruff*, 143 Ohio St. 3d 114, 2015-Ohio-995, ¶ 26), and there was ample reason to believe that a court would have concluded that kidnapping was a separate offense:  "In addition to holding the victim captive for three days while possessing a firearm, he beat her, bit her, inflicted injuries to her body and face, and repeatedly sexually assaulted her against her will."  (*Id*. at PageID 159.)  "Accordingly, there were ample reasonable arguments that Tetak's appellate counsel was not ineffective by strategically raising other potentially more effective issues upon appeal."  (*Id*. at PageID 160.)

The appellate court adjudicated the ineffective assistance issue under the correct federal constitutional standard, and concluded that counsel's performance was not deficient under

6

*Strickland v. Washington*, 466 U.S. 668 (1984) (State Court Record, ECF No. 5, PageID 117-18, 121-22.) Petitioner attempts to evade the required double deference by arguing that *Strickland* is not the proper lens of analysis; rather, the Court should examine his claim under *Smith v. Murray*, which "asks a court to consider whether omitted error/claim stood a better chance of succeeding than that raised. Petitioner asserts that his double-jeopardy claim, with advocacy from a trained litigator, was more likely to succeed than issues with the trial court's discretion." (Traverse, ECF No. 9, PageID 167, citing *Smith*, 477 U.S. 527, 536 (1986).) "This Federal law does not require the outcome to be different, but compares that raised to what was omitted." (*Id*. at PageID 168, citing *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).) Yet, this *is* an ineffective assistance claim, and even the *Smith* Court harkened back to *Strickland* in its assessment of counsel's performance. 477 U.S. at 536, quoting *Strickland*, 466 U.S. at 689. Thus, the question before this Court "is whether there is *any reasonable argument* that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105 (emphasis added). The state appellate court's recitation of the facts of the case, *State v. Tetak*, 2020-Ohio-3263, at ¶ 2, show that there was ample evidence from which counsel could have reasonably concluded that the sentencing court's conclusion that kidnapping was not an allied offense was not contrary to *Blockburger*, and thus, that the issue was not worth raising on appeal. Petitioner's claim is thus unavailing.

IV. **CONCLUSION**

For the foregoing reasons, it is recommended that the Petition be **DENIED** and the action be **DISMISSED**. Because reasonable jurists would not disagree that Petitioner has failed to make a substantial showing of a violation of constitutional rights, Petitioner should not be granted a certificate of appealability and should not be permitted to proceed on appeal *in forma pauperis*.

7

## V.     PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date: November 2, 2021                     /s/  *Elizabeth A. Preston Deavers*
                                                                    ELIZABETH A. PRESTON DEAVERS
                                                                    UNITED STATES MAGISTRATE JUDGE